# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:18CV-P167-JHM

**JEFFREY SCOTT YOUNG**                                                                 **PLAINTIFF**

**v.**

**SGT. HUMPHREY** *et al.*                                                               **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Jeffrey Scott Young filed the instant *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the complaint.

## I.

Plaintiff is a convicted inmate at the Daviess County Detention Center (DCDC). He sues the following three DCDC employees: Sgt. Humphrey and Corrections Officers Brandon Alvey and Wayne Renfrow. He sues Defendants in their individual and official capacities.

Plaintiff states that he was asleep when the three named Defendants came into his cell "telling everybody to get up, and not use the bathroom, and line up out in the hallway, and don't grab nothing." He asserts, "I was about to wake up and do my muslim pray (Salah), and read my Quran. They told me that I couldn't grab my Quran, or my rug, to study. They told me that I couldn't. They are discriminated my religion, & belief." He continues, "They also refuse to let me go to the bathroom to use it." He further states, "Also they have state, and county inmates in the

same cell, & if a state inmate fights an county inmate then the county inmates can sue, and these people got state inmates on floor, and not bunks, or boats."

As relief, Plaintiff seeks compensatory damages and expungement of his record.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

### A.     Denial of religious exercise

The First Amendment to the United States Constitution states, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. The First Amendment protects an inmate's right to freely exercise his or her religion. To state a § 1983 First Amendment free-exercise claim, a plaintiff must show that the prison's actions "substantially burdened his sincerely-held religious beliefs." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (citing *Boles v. Neet*, 486 F.3d. 1177, 1182 (10th Cir. 2002)). An isolated interference with the free exercise of religion by not allowing a daily religious observation on one occasion does not give rise to a constitutional violation. *Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (holding that isolated incidents in which a prisoner was mistakenly served non-kosher food were insufficient to state a First Amendment claim); *see also Gunn v. Ky. Dep't of Corr.*, No. 5:07CV-P103-R, 2010 U.S. Dist. LEXIS 60530, at *12-13 (W.D. Ky. June 18, 2010) (finding that preventing inmate from attending chapel service on one occasion was "not sufficient to implicate the Constitution"); *Greenberg v. Hill*, No. 2:07-CV-1076, 2009 U.S. Dist. LEXIS 28027, at *6 (S.D. Ohio Mar. 31, 2009) ("[I]solated or sporadic government action or omission is de minimis and does not constitute a 'substantial burden.'"); *Cancel v. Mazzuca*, 205 F. Supp. 2d 128, 142 (S.D.N.Y. 2002) (finding that an "isolated denial, such as having to miss a single religious service, does not constitute a substantial burden on a prisoner's right to practice his religion").

3

Therefore, Plaintiff's allegation that he was prevented from praying on one occasion is not sufficient to state a violation of the First Amendment's Free Exercise Clause, and the claim must be dismissed for failure to state a claim upon which relief may be granted.[1]

**B.  Denial of use of restroom**

The Court construes Plaintiff's claim that he was not permitted to use the restroom as a claim challenging the conditions of his confinement under the Eighth Amendment. However, not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment under the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam). "Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

While Plaintiff does not specify the amount of time he was denied access to a restroom, it was obviously temporary. "[A] plaintiff [who] allege[s] only temporary inconveniences . . . does not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511-12 (6th Cir. 2001) (holding that plaintiff failed to state a constitutional claim where prison deprived inmate of a working toilet for an unspecified period of time, among other alleged conditions); *see also Tate v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003) (finding no

---

[1] While Plaintiff does not allege a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, any claim Plaintiff would have brought under RLUIPA would fail for the same reasons his First Amendment claim fails. *See Branco v. Milligan*, No. 17-3209, 2018 U.S. App. LEXIS 17583, at *4-5 (6th Cir. June 26, 2018) (holding that a "one-time incident . . . does not amount to a substantial burden on [an inmate's] religious exercise" under RLUIPA).

constitutional claim where inmate was prevented access to toilet for three hours, causing him to experience an uncomfortably full bladder but not soil himself); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) (holding that inmate failed to state an Eighth Amendment claim related to toilet access).

The Court finds that Plaintiff's allegation that he was denied access to the restroom on one occasion for an unspecified length of time fails a to state a violation of the Eighth Amendment. Therefore, this claim will be dismissed for failure to state a claim.

**C.     Housing as state inmate**

Plaintiff also asserts that he is a state inmate and is housed with county inmates. While state law may dictate the duration and circumstances under which a convicted inmate can be held in a county facility, an inmate does not enjoy a constitutional right to be housed in any particular facility. *Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting a claim that being held in a county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility); *Silverburg v. Seeley*, No. 3:09CV-P493-R, 2009 U.S. Dist. LEXIS 119647, at *5 (W.D. Ky. Dec. 23, 2009) ("Plaintiff has no constitutional claim related to being housed in a county rather than in a state facility.").

Moreover, with regard to Plaintiff's claim that state inmates must sleep on the floor, a prisoner has no constitutional right to sleep on an elevated bed. *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (finding that the Constitution does not require elevated beds for prisoners); *see also Graves v. Boyd*, No. 5:16-CV-P51-TBR, 2016 U.S. Dist. LEXIS 107343, at *12 (W.D. Ky. Aug. 11, 2016) (finding no constitutional violation "where the allegation is that plaintiff had to sleep on the floor instead of an elevated bed because of overcrowding") (citing *Starnes v. Green*

5

*Cty. Sheriff's Dep't*, No. 2:08-cv-244, 2010 U.S. Dist. LEXIS 52139, at *12 (E.D. Tenn. May 26, 2010)). Moreover, Plaintiff has not alleged actual harm, or a risk of serious harm, resulting from sleeping on the floor. *See, e.g.*, *Benjamin v. Fraser*, 343 F.3d 35, 51 n.17 (2d Cir. 2003) ("To establish the deprivation of a basic human need . . . an inmate must show 'actual or imminent harm.'") (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)).

Therefore, Plaintiff's claims based on being a state inmate housed in a county facility will be dismissed for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: April 15, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Daviess County Attorney
4414.010